```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

```
Willie Edwards, Jr.,            )
                                )
Petitioner,                     )
                                )
vs.                             )     No. 2:98-CV-152
                                )          (2:92-CR-113)
United States of America,       )
                                )
Defendant.                      )
```

## OPINION AND ORDER

This matter is before the Court on the Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(6), filed by Willie Edwards, Jr. on August 30, 2007. For the reasons set forth below, the motion is **DISMISSED** for want of jurisdiction.

BACKGROUND

In 1992, Willie Edwards Jr. ("Edwards") was charged in a multi-count indictment with several charges relating to a conspiracy to distribute heroin. Edwards plead guilty, but later withdrew his plea, and ultimately a trial took place in February 1994. Edwards was found guilty of two counts: conspiracy to distribute heroin and use of a communication facility in drug trafficking. This Court sentenced Edwards to 324 months imprisonment. Edwards filed a direct appeal and the Seventh Circuit affirmed this Court in all respects.

In May of 1998, Edwards filed a petition pursuant to 28 U.S.C. section 2255. This Court issued an order denying that motion in July of 1999. Edwards responded by filing a motion pursuant to Rule 59(e),

which was denied, and a motion for a certificate of appealability, which was also denied.  Edwards attempted to appeal nonetheless, but his appeal was ultimately dismissed for failure to timely pay the required docketing fee.  With this, Edwards did not stop.  He filed a motion for rehearing, which the Seventh Circuit also denied.  That was followed by a motion pursuant to Federal Rule of Civil Procedure 60(b), which this Court denied.  Edwards' next move was to file a notice of appeal, which this Court interpreted as a request for a certificate of appealability and denied, categorizing it as an attempt to file a successive 2255 motion requiring approval from the Seventh Circuit.  He again appealed, and the Seventh Circuit found that this Court correctly interpreted Edwards' motion as a successive collateral attack and dismissed it for lack of jurisdiction because Edwards did not first received authorization from a United States Court of Appeals.  This was in 2003.  For some years now, Edwards has not filed any documents pertaining to this case; a very reasonable course, considering he has throughly exhausted his appeals.

It appears from a letter received by the Clerk of the Court on August 30, 2007 that Edwards initially attempted to file the instant motion on June 29, 2007, but failed to include his case number on the filing.  It is not clear what happened with that document, but it was not received by this Court.  The instant motion was filed August 30, 2007, along with a letter explaining his earlier failed attempt at filing the motion.  Just one month later, Edwards again sent a letter to the Clerk of the Court, filed October 1, 2007.  In this letter, Edwards claims that it has been well over 45 days and he has not yet

received a ruling.  The instant motion is now ripe for adjudication.

DISCUSSION

In the instant motion, Edwards argues that the prosecution committed fraud and also suggests that he has new evidence which shows his sentence is improper.  Although titled a rule 60(b) motion, the motion is, in substance, a motion pursuant to 28 U.S.C. section 2255.  *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." (emphasis in original)).  Because the motion is substantively a section 2255 petition, this Court lacks jurisdiction to entertain it in the absence of a grant of permission from the Seventh Circuit.  *Id.*

CONCLUSION

For the reasons set forth above, the motion is **DISMISSED** for want of jurisdiction.

**DATED: November 5, 2007**              /s/RUDY LOZANO, Judge
                                         **United States District Court**