IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Willie Edwards, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:98-CV-152 |
| ) | (2:92-CR-113) |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Expunge State Enhancement, filed by Willie Edwards, Jr. on July 10, 2014. For the reasons set forth below, the Motion to Expunge State Enhancement (DE #908), which the Court construes as a successive motion pursuant to 28 U.S.C. section 2255, is **DISMISSED** for want of jurisdiction. The Court **DIRECTS** the clerk to send Willie Edwards, Jr. a blank AO-241 (Rev. 10/07) (INND Rev. 6/13) form and a blank Prisoner in forma pauperis petition along with a copy of this Order.

BACKGROUND

In 1992, Willie Edwards Jr. ("Edwards") was charged in a multi-count indictment with several charges relating to a conspiracy to distribute heroin. Edwards plead guilty, but later withdrew his plea, and ultimately a trial took place in February 1994. Edwards was found guilty of two counts: conspiracy to distribute heroin and use of a communication facility in drug trafficking. This Court sentenced

Edwards to 324 months imprisonment. Edwards filed a direct appeal and the Seventh Circuit affirmed this Court in all respects.

In May of 1998, Edwards filed a motion pursuant to 28 U.S.C. section 2255. This Court issued an order denying that motion in July of 1999. Edwards responded by filing a motion pursuant to Rule 59(e), which was denied, and a motion for a certificate of appealability, which was also denied. Edwards attempted to appeal nonetheless, but his appeal was ultimately dismissed for failure to timely pay the required docketing fee. With this, Edwards did not stop. He filed a motion for rehearing, which the Seventh Circuit also denied. That was followed by a motion pursuant to Federal Rule of Civil Procedure 60(b), which this Court denied. Edwards' next move was to file a notice of appeal, which this Court interpreted as a request for a certificate of appealability and denied, categorizing it as an attempt to file a successive 2255 motion requiring approval from the Seventh Circuit. He again appealed, and the Seventh Circuit found that this Court correctly interpreted Edwards' motion as a successive collateral attack and dismissed it for lack of jurisdiction because Edwards did not first received authorization from a United States Court of Appeals. In 2007, Edwards filed yet another motion pursuant to Federal Rule of Civil Procedure 60(b), which this Court again dismissed for want of jurisdiction.

The current motion was filed on July 10, 2014. In it, Edwards claims that his April 15, 1982, Class B Felony drug conviction in Lake

Superior Court was the result of a case of mistaken identity, fraud, and the suppression of vital evidence.[1] He asserts that this conviction should be dismissed from his record. Edwards points out that this state court drug conviction was used to enhance his federal sentence in the instant underlying criminal cause number. He asks this Court to "take the enhancement off the . . . federal sentence" or send the matter back to state court for expungement purposes. The motion is now ripe for adjudication.

DISCUSSION

No matter what it is entitled, a court must look to the substance of a motion to determine whether it is filed pursuant to 28 U.S.C. section 2255 because:

> [p]risoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

---

[1] Edwards acknowledges that his motion is not based on any newly discovered evidence; he states that he has tried on many occasions to have the drug conviction expunged upon these same grounds. For example, he states that he attempted to have the state drug conviction expunged in 2003 for the first time and in 2014 for the last time. He points out that his uncle, with whom he allegedly was mistakenly arrested for, passed away in 2003. In support, he attaches the affidavit of said uncle, which was notarized on April 6, 1998.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original) (internal citations omitted).  Here, Edwards asks this Court to remove the enhancement from his federal sentence.  To the extent that he is again challenging his federal sentence, this Court lacks jurisdiction to entertain his successive collateral attack in the absence of a grant of permission from the Seventh Circuit.  *Id.* at 856-57.  However, to the extent that Edwards is seeking relief of his underlying state court conviction, he may file a petition pursuant to 28 U.S.C. section 2254 if (and this seems doubtful based on the docket filings to date) he is currently "in custody pursuant to the judgment of a State court" as required by section 2254.  See 28 U.S.C. § 2254(a).  Therefore, the clerk is directed to send Edwards a blank section 2254 Habeas Corpus form along with a copy of this order.

CONCLUSION

For the reasons set forth above, the Motion to Expunge State Enhancement (DE #908), which the Court construes as a successive motion pursuant to 28 U.S.C. section 2255, is **DISMISSED** for want of jurisdiction.  The Court **DIRECTS** the clerk to send Edwards a blank AO-241 (Rev. 10/07) (INND Rev. 6/13) form and a blank Prisoner in forma pauperis petition along with a copy of this Order.

**DATED: July 17, 2014**                    /s/RUDY LOZANO, Judge
                                                       **United States District Court**